THE STATE OF OHIO, APPELLANT, *v.* SCHWARTZ, APPELLEE.

(Decided May 5, 1941.)

*Mr. Hal C. DeRan,* for appellant.
*Mr. Glenn P. Bracy,* for appellee.

CARPENTER, J. Under Section 13008, General Code, Melvin Schwartz was convicted of failing to support his illegitimate child and, not having tendered a bond as provided in Section 13010, General Code, was sentenced to the workhouse for six months.

From this judgment he appealed, and this court affirmed the judgment and the Supreme Court refused review and remanded the case to the trial court for execution of sentence.

Thereupon the defendant tendered the bond contemplated in Section 13010, General Code, and the trial court, although the term had passed, suspended the prison term, ordered payment of $7 per week for the support of the child and a bond for $500, which was given.

The mother of the child, in her own behalf and as next friend of the child, demanded of the prosecuting attorney that he appeal from this order of the court, claiming it had no power to thus modify the sentence which had been affirmed by the reviewing courts. The prosecutor refused the demand and the mother, in her own behalf and as next friend of the child, filed notice of appeal on questions of law and fact.

The defendant filed a motion to dismiss the appeal for the reason that "the so-called appeal is not sought or filed either by the accused or the state of Ohio, the only parties to the case."

This was a criminal action in which the state of Ohio was the prosecuting party. Section 2916, General Code, imposes upon the prosecuting attorney the duty to represent the state in such actions. Nowhere is a person interested in the results of such action, as was this child or its mother, given authority to intervene and take over any part of such prosecution. If this can be done in this case, where will the end be?

This appellant lacking authority to take the appeal, this court has no jurisdiction in the matter, and the attempted appeal is dismissed. Even if the appellant were one with authority to take an appeal, this being a criminal judgment, the appeal could only be on questions of law.

*Appeal dismissed.*

LLOYD, J., concurs.

OVERMYER, J., not participating.